## Gantert v. Lancaster Stationery Co., Inc.

*Insurance—Premiums—Payment by merchandise—Act of May 17, 1921.*

In an action by an insurance agent to recover the premium of an insurance policy, an affidavit of defence is sufficient, notwithstanding the restrictions of section 635 of the Act of May 17, 1921, P. L. 789, which sets up an oral agreement with the plaintiff to accept part payment in merchandise.

Rule for judgment for want of a sufficient affidavit of defence. C. P. Lancaster Co., May T., 1925, No. 61.

B. C. Atlee, for rule; Harvey B. Lutz, contra.

LANDIS, P. J., Jan. 16, 1926.—The plaintiff is an insurance agent, and he alleges in his statement that the defendant company obtained from him certain policies of insurance on which the premiums due amounted to $102.10; that the defendant paid on account $15; and that it has failed, on demand, to pay the balance of $87.10.

The defendant in its affidavit of defence admits that it owes the plaintiff $62.80, but it avers that this amount was not to be paid in cash; that under an oral agreement made with the plaintiff about June 6, 1922, this amount was to be paid in merchandise from defendant's place of business in the City of Lancaster; and that it is ready and willing to pay for the amount of said insurance which it admits to be due in merchandise under the agreement made between them.

Subsequently it filed a supplementary affidavit of defence. It again reiterates the claims alleged in the affidavt of defence, and also asserts that there was insurance obtained in addition to that contained in plaintiff's statement, and this was paid by merchandise according to the agreement. An itemized account of this merchandise is attached.

The plaintiff insists that, under section 635 of the Act of May 17, 1921, P. L. 789, the defendant cannot offer its present defence. That section pro-

Gantert v. Lancaster Stationery Co., Inc.

vides that "no insurance agent, solicitor or broker, personally or by any other party, shall offer, promise, allow, give, set-off or pay directly or indirectly any rebate of or part of the premium payable on the policy or on any policy or agent's commissions thereon, or earnings, profit, dividends or other benefit founded, arising, accruing or to accrue thereon or therefrom, or any special advantage in date of policy or age of issue, or any paid employment or contract for service of any kind, or any other valuable consideration or inducement to or for insurance on any risk in this Commonwealth, now or hereafter to be written, which is not specified in the policy contract of insurance; nor shall any such agent, solicitor or broker, personally or otherwise, offer, promise, give, option, sell or purchase any stocks, bonds, securities or property, or any dividends or profits accruing or to accrue thereon, or other thing of value whatsoever, as inducement to insurance or in connection therewith." The penalty for so doing is the revocation of the agent's license and punishment as for a misdemeanor.

This, however, is not the proposition now before us. The plaintiff has paid the full amount of the premiums to the respective insurance companies carrying the risks. The insurance companies are not, therefore, involved in this controversy. The plaintiff now seeks to recover the same from the defendant.

If, then, he saw fit to make an agreement with the defendant that he would take payment of this money in merchandise, he could do so, and if he made such an arrangement, he is bound by it. The averments of fact to this effect contained in the affidavits of defence must at this time be assumed to be true, and if we so consider them, we cannot make this rule absolute.

The rule for judgment for want of a sufficient affidavit of defence must, therefore, be discharged. Rule discharged.

From George Ross Eshleman, Lancaster, Pa.